UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL C. HUDSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00040 |
| | ) | Judge Campbell |
| **ANDREA W. SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Sumner County Jail in Gallatin, Tennessee. He brings this action, presumably under 42 U.S.C. § 1983, against Andrea W. Smith, his court-appointed criminal defense lawyer, alleging that Ms. Smith violated the plaintiff's Sixth Amendment right to effective counsel by coercing the plaintiff to enter an involuntary guilty plea, among other allegations. (Docket No. 1). The plaintiff asks the court to order a "national and state investigation" of Ms. Smith and seeks punitive damages in the amount of one hundred twenty-five thousand dollars ($125,000.00) as a result of her alleged ineffective assistance of counsel. (*Id*.)

**I.    Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable

1

basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.     Section 1983 Standard

The plaintiff alleges that his Sixth Amendment rights were violated. (Docket No. 1 at p. 1). The court presumes that he asserts this claim under 42 U.S.C. § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.    Analysis

### A.     Sixth Amendment Claim

The plaintiff's complaint names as the defendant his court-appointed criminal defense attorney, Andrea W. Smith.[1] Not only does the plaintiff ask that the court order an investigation

---

[1] The plaintiff alleges that Ms. Smith was appointed as his attorney on August 11, 2010. (Docket No. 3 at p.1).

2

into Ms. Smith's conduct, he seeks punitive damages from Ms. Smith for her alleged malpractice and violation of the plaintiff's Sixth Amendment rights. However, the plaintiff's Sixth Amendment claim against Ms. Smith fails because it is not cognizable in a civil suit for damages. *Davis v. Gross*, No. 6:09-257-DCR, 2010 WL 1872871, at *9 (E.D. Ky. May 10, 2010). Ms. Smith is a private individual, and the Sixth Amendment restrains only governments, not private individuals. *See id.* "Neither public defenders nor court appointed criminal defense counsel qualify as either state or federal actors." *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Anderson v. Sonenberg*, 111 F.3d 962 (D.C. Cir. 1997)). Just as an attorney does not act under color of state law in representing a criminal defendant in state court proceedings, an attorney does not act under color of federal law in representing a criminal defendant in federal proceedings. *Id.* (citation omitted). Therefore, "a Sixth Amendment civil rights action cannot be maintained against an appointed lawyer, even one employed by the federal government, because he does not act under color of federal law." *Id.* (citing *Polk County*, 454 U.S. at 317-18; *Haley v. Walkers*, 751 F.2d 284, 285 (8th Cir. 1984); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982)). Ms. Smith is neither a state nor federal actor and, as such, she is not amenable to suit in this action under 42 U.S.C. § 1983. Accordingly, the plaintiff's § 1983 claim against her fails as a matter of law.

    **B.**    **Habeas relief**

Although the plaintiff does not explicitly request a remedy in this case that would result in his release from state custody, the plaintiff alleges that, because of the ineffectiveness of his counsel, he entered an unknowing and involuntary guilty plea that has resulted in a violation of his probation and, in turn, will likely result in a lengthier period of incarceration for him. (Docket Nos. 1 and 3). For instance, the plaintiff alleges that his attorney "did in fact mislead [him] to believe the

September 27, 2010 simple assult [sic] conviction would have no- effect at all on [his] state time . . . [sic] And now because she told me this – I have a violation on my 15 yr state time . . . ." (Docket No. 3 at p. 3). The plaintiff further alleges that "[b]ecause of this attornies [sic] ineffective assistance of Counsel, this Petitioner stands a good chance of being sent to prison even after serving 35 ½ months in the Sumner County Jail." (Docket No. 3 at p.3). The complaint states that the plaintiff was "booked" on October 26, 2010, for a probation violation for the simple assault referenced above. (Docket No. 3 at p. 5).

The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief, *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable), as is the case here. Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Given that the plaintiff has not demonstrated that his conviction has been favorably

terminated and that the plaintiff's ineffective assistance of counsel claim indirectly challenges the validity of his confinement and sentence, under *Heck*, 512 U.S. 477, 486-87, this particular claim should not have been brought under 42 U.S.C. § 1983. As such, the plaintiff's ineffective assistance of counsel claim fails to state a claim upon which relief can be granted. *See Taylor v. Oakland County Circuit Court*, 831 F.2d 297 (6th Cir. 1987)(finding that plaintiff's claim of ineffective assistance of counsel in § 1983 action was "actually a challenge to the validity of his conviction and therefore more appropriately the subject of a petition for a writ of habeas corpus," the court dismissed the plaintiff's complaint "without prejudice to refile his complaint should he establish the validity of these claims by means of a petition for a writ of habeas corpus). Accordingly, the plaintiff's ineffective assistance of counsel claim will be dismissed.

## IV. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Todd J. Campbell
United States District Judge